### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

**PERCY DWAYNE BROWN**                                                   **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO. 3:12CV-P216-S**

**ANDER NADIR AL-SHAMI**                                                   **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff, Percy Dwayne Brown, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff sues attorney Ander Nadir Al-Shami. As relief, Plaintiff wants monetary and punitive damages and to have Defendant removed as counsel. Plaintiff alleges that in October 2011, Defendant was hired to represent him in pending cases in state court. Plaintiff states that in November 2011 Defendant gave information about Plaintiff's case to an inmate at Louisville Metro Corrections whom Defendant also was representing. Plaintiff further alleges that on January 3, 2012, Defendant brought an "agent of the Commonwealth" to visit Plaintiff at Louisville Metro and that the agent told Plaintiff that Defendant had allowed him to look over his case files which contained privileged material. Plaintiff states that he wrote Defendant a letter on March 2, 2012, demanding that he immediately withdraw as his counsel, but Defendant refused to do so. Plaintiff alleges that Defendant violated his Sixth Amendment right to attorney-client privilege and his Fifth Amendment right to due process of law.

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). Here, although Plaintiff is a prisoner he is not seeking redress from a governmental entity, officer, or employee. Therefore, the Court must examine the complaint under 28 U.S.C. § 1915(e)(2). That statutory provision also requires this Court to dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,*

2

454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42 (1988).

It is firmly established that defense counsel, while acting in that capacity, is not a state actor for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983"). Thus, Plaintiff has failed to state a claim under § 1983 against Defendant.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's complaint will be dismissed for failure to state a claim.

Date:

cc:    Plaintiff, *pro se*
        Defendant
4411.009